IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| STIFEL, NICOLAUS & COMPANY, INC., | * | |
| Plaintiff, | * | |
| | * | |
| v. | | Case No.: GJH-16-628 |
| | * | |
| FIREMOON ENERGY, LLC, *et al.*, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Stifel, Nicolaus & Company, Inc.'s (hereinafter, "Plaintiff" or "Stifel") Motions for Leave to Conduct Limited Jurisdictional Discovery of Defendants Longs Peak Resources, LLC ("LPR") and Vertex Energy Partners, LLC ("Vertex"). ECF Nos. 24 and 39. A hearing on these motions was held on October 24, 2016. *See* Local Rule 105.6 (D. Md.). For the reasons that follow, Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery of Defendant LPR is denied and Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery of Defendant Vertex is granted.

### I.    BACKGROUND

In 2014, Stifel, an investment banking firm, was engaged, through its Director, James Lee, by Defendant Firemoon Energy LLC ("Firemoon"), to obtain financing for Firemoon's ventures in the oil and gas industry. ECF No. 9 ¶¶ 8-11; ECF No. 9-1. According to Plaintiff, Stifel introduced Firemoon and its owners to Juniper Capital Advisors ("Juniper"), a potential investor. ECF No. 9 ¶ 22. A little over a year later, two of the equity owners of Firemoon, Everett Toombs and David Clarkson, created a new entity called Vertex. *Id.* ¶ 28. Vertex was

allegedly formed for the purpose of investing in various oil and gas properties, through a new entity to be formed and owned jointly by Vertex and Juniper. *Id.* ¶ 32. This new entity would be funded with $65 million in equity capital from Juniper. *Id.*

Defendant LPR was added to the case in the Amended Complaint. ECF No. 9. Plaintiff alleges that LPR was the Vertex-Juniper joint venture envisioned when Vertex was formed and is the recipient of the $65 million in financing from Juniper. *Id.* ¶ 39. Plaintiff now claims that, despite successfully obtaining the financing based on Stifel's connections and efforts, Defendants never paid Plaintiff for their services. *Id.* ¶¶ 49-52.

Defendants LPR and Vertex have each filed a Motion to Dismiss in this case asking, in part, for the case to be dismissed for lack of personal jurisdiction. ECF Nos. 18 and 32. Prior to responding to the Motions, Plaintiff has requested permission to conduct limited jurisdictional discovery relating to the Court's personal jurisdiction over LPR and Vertex.

## II.   DISCUSSION

### A. Personal Jurisdiction

"[T]o assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). Plaintiff relies upon section (b)(1) of Maryland's Long-Arm Statute as the basis for the Court's personal jurisdiction over Defendants. That section provides, in relevant part, that "[a] court may exercise personal jurisdiction over a person, who directly or by an agent, [t]ransacts any business or performs any character of work or service in the State." Md. Code, Cts. & Jud. Proc. § 6-103(b)(1). If Plaintiff can establish that the Maryland Long-Arm

2

statute is satisfied, the Court then considers whether the exercise of jurisdiction over Defendants would violate the Due Process Clause. This inquiry may proceed under a theory of general or specific jurisdiction.

Here, Plaintiff asserts that the Court has specific jurisdiction over Defendants, which permits a court to exercise jurisdiction over a non-resident defendant when a cause of action arises out of the defendant's minimum contacts with the forum. *See* ECF No. 24 at 11; ECF No. 39 at 16.[1] There are three factors that Courts have reviewed to guide decision making regarding a showing of specific jurisdiction: "(1) whether the non-forum defendant purposely directed its activities toward residents of the forum state or purposely availed itself of the privilege of conducting activities therein; (2) whether plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the forum's exercise of personal jurisdiction in the case is reasonable, i.e. is consistent with 'fair play and substantial justice.'" *Pharmabiodevice Consulting, LLC v. Evans*, No. GJH-14-00732, 2014 WL 3741692, at \*7 (D. Md. July 28, 2014)(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477–78 (1985)). It is the Plaintiff's burden to prove personal jurisdiction by a preponderance of the evidence. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

## B. Jurisdictional Discovery

The Court may, as Plaintiff has requested, permit limited discovery on the issue of personal jurisdiction. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). The decision to permit jurisdictional discovery is within the discretion of the District Court. *See e.g. Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002).

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

3

In order to demonstrate that they are entitled to jurisdictional discovery, Plaintiff must, as a threshold matter, make assertions regarding Defendants' contact with the forum state that are more than speculative or conclusory. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402– 03 (4th Cir. 2003) ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery."); *see also ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 716 n 3 (4th Cir. 2002). Additionally, Plaintiff must make a further, concrete proffer of the facts they wish to ascertain and a showing of how those facts would alter the personal jurisdiction analysis. *See ALS Scan, Inc.*, 293 F.3d at 716 n. 3 (upholding denial of jurisdictional discovery where "ALS Scan has failed…to proffer any further facts that it could demonstrate that would be material to the limited jurisdictional ruling.").

Here, in regards to Defendant Vertex, Plaintiff asserts that Vertex's affiliation with Firemoon establishes jurisdiction over Vertex; specifically, that the contractual provision through which Firemoon consented to jurisdiction applies to Vertex[2] and that the contacts of Firemoon's agents with Stifel, are in effect contacts made by Vertex. ECF No. 39 at 2. In support of this argument, Plaintiff points to an email sent by Clarkson to Stifel in Bethesda, Maryland from what appears to be a Vertex email account, suggesting contact by Vertex with Stifel in this jurisdiction. *See, e.g.*, ECF No. 39-4 at 3. Toombs, via his Firemoon email account, was also included by Clarkson on the same above-referenced email chain, raising additional questions about the level of affiliation, if any, between the two corporations. *Id.* Plaintiff proffers that discovery may reveal further information regarding the formation of Vertex, its affiliation with Firemoon and its contact with Stifel in Maryland. In opposition, Defendant Vertex has submitted

---

[2] In the letter agreement between Stifel and Firemoon, the parties "submit to the jurisdiction of and venue in the federal courts located in the City of Baltimore, Maryland in connection with any dispute related to this Agreement," ECF No. 9-1 at 9, and define Firemoon to include present and future subsidiaries and affiliates, *id.* at 1.

4

a declaration from Toombs stating that Vertex and Firemoon are not affiliated and that Vertex
had no involvement with the agreement that is the subject of this lawsuit. ECF No. 48-1 ¶¶ 10,
12.

 *Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432 (D. Md. 2001)
is instructive to this case. There, plaintiff maintained that defendant Oldcastle's contacts with the
plaintiff in the forum state, although conducted under a different entity's name, were sufficient to
establish personal jurisdiction over Oldcastle; while Oldcastle maintained that Oldcastle never
controlled the separate entity with whom plaintiff alleged contacts and that those contacts could
therefore not be attributed to Oldcastle. *Id.* at 441-442. The court determined that there was a
genuine dispute regarding facts bearing on the question of jurisdiction and therefore permitted
jurisdictional discovery. *Id.* at 442. Similarly, here, there is a dispute as to whether the contacts
made between Toombs/Clarkson and Stifel are attributable to Firemoon and Vertex or Firemoon
alone, and as to whether Firemoon and Vertex are affiliates. Thus, because Plaintiff has made
more than a speculative or conclusory assertion regarding Vertex's contacts with Maryland and
has made a concrete proffer of the facts they hope to ascertain and how those facts could impact
the jurisdictional analysis, jurisdictional discovery will be permitted as to Vertex.

 As to LPR, however, even assuming for the sake of this motion that Plaintiff is able to
make more than speculative, conclusory assertions regarding LPR's contacts with Maryland,
Plaintiff is not able to make a concrete proffer of facts to be ascertained in discovery that could
impact the Court's analysis. Despite prodding from the Court, the only potentially useful
discovery to be obtained from LPR identified by Plaintiff appears to be: (1) email among and
between the defendants and (2) information regarding why Lee was "cut out of the deal" leading
to the funding of LPR. As to the first point, while these emails may have relevance to the merits

of the case, as counsel for LPR correctly noted, it is difficult to understand how emails between these two non-Maryland corporations could establish personal jurisdiction in Maryland over LPR. Similarly, the allegation that Lee was unfairly "cut out of the deal" by the defendants may very well have relevance to the substance of the case but has no potential for establishing jurisdiction. Indeed, to the extent that Stifel claims that it was "unaware of the decision [of Juniper and Vertex] to proceed in the name of Longs Peak," ECF No. 9 ¶ 39, it is, if anything, suggestive of a lack of contact between Stifel and LPR. Further discovery on this point therefore seems unlikely to lead to facts that could impact the jurisdictional analysis and Plaintiff's request for jurisdictional discovery is denied as to LPR.

## III.    CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery over Defendant Vertex Energy Partners, LLC, ECF No. 39, is **GRANTED**. Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery over Defendant Longs Peak Resources, LLC, ECF No. 24, is **DENIED**. Jurisdictional discovery as to Vertex will proceed as follows: (a) Stifel will serve written discovery requests on Vertex within seven (7) days of the date of this ruling; (b) Vertex will respond to Stifel's written jurisdictional discovery within fourteen (14) days after service; (c) Vertex will complete production of responsive documents within thirty (30) days after service; (d) Stifel will depose Vertex, Everett Toombs, and David Clarkson during the thirty (30) day period after Defendants have completed their document production; and (e) Stifel's time to

6

oppose Vertex's motion to dismiss will be extended until fourteen (14) days after completion of jurisdictional discovery.[3]

Additionally, as stated on the record at the motions hearing, Plaintiff's motions to seal exhibits, ECF Nos. 28 and 40, are **GRANTED** and Defendant LPR's Motion for Leave to File Sur-Reply, ECF No. 43, is **DENIED.**

Dated: October 2ᵗ, 2016

                                          GEORGE J. HAZEL
                                          United States District Judge

---

[3] The Court, as an initial matter, has adopted Stifel's proposal regarding the timing of discovery; however, the parties are instructed to contact chambers for a conference call if there is a dispute regarding these issues.